PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE __NORTHERN__ DISTRICT OF TEXAS
### __DALLAS__ Division

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

3-01CV2027-D

RECEIVED OCT 1 1 2001 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED CLERK, U.S. DISTRICT COURT By ____ Deputy

MARTIN LUCIO SANTILLAN
**PETITIONER**
(Full name of Petitioner)

JAMES V. ALLRED UNIT - TDCJ-ID
**CURRENT PLACE OF CONFINEMENT**

vs.

820911
**PRISONER ID NUMBER**

GARY L. JOHNSON, DIRECTOR, TDCJ-ID
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

7-01CV-194-R
**CASE NUMBER**
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check only one)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation    (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    265th Criminal District Court of Dallas County, Texas

2.  Date of judgment of conviction:  March 5, 1998

3.  Length of sentence:  Life

4.  Nature of offense and docket number (if known):  Capital Murder - F97-51514-UR

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)

    ☒ Not Guilty     ☐ Guilty     ☐ Nolo contendere

6.  Kind of trial: (Check one)   ☒ Jury     ☐ Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7. Did you testify at the trial? ☒ Yes ☐ No

8. Did you appeal the judgment of conviction? ☒ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   <u>5th District Court of Appeals</u> Cause Number (if known) <u>05-98-00532-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed): <u>Affirmed</u>

   What was the date of that decision? <u>May 11, 2000</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☒ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>265th Criminal District Court of Dallas County, Texas</u>

    Nature of proceeding: <u>Application for Writ of Habeas Corpus</u>

    Cause number (if known): <u>W97-51514-R(A)</u>

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
    <u>April 11, 2001</u>

    Grounds raised: <u>1) Actual innocence;   2) Fatal variance between charge and</u>

    <u>proof;   3) No evidence to prove that Applicant intentionally and</u>

- 3 -                                                    CONTINUED ON NEXT PAGE

knowingly caused the death of Damon Wittman;  4) Prosecutor's statement that Applicant had no right to defend his life that Applicant could be denied his 5th Amendment right not to be deprived of his life without due process was an impermissable comment on the weight of the evidence and presumption of innocence intended to relieve the state of its burden to prove every element of the offense beyond a reasonable doubt;  5) Trial court erred in failing to give requested charge on manslaughter;  6) Applicant was subjected to excessive punishment by the trial court's denial of his requested charge on manslaughter;  7) The statue upon which Applicant was convicted was unconstitutionally applied because it conferred upon average citizen unauthorized police powers;  8) When the trial court instructed on aggravated robbery and refused to instruct on manslaughter and other lesser included offenses, the trial court _de facto_ commented on the weight of the evidence and instructed the jury to find guilt only of capital murder;  9) Trial counsel was ineffective for failure to obfect to the prosecutor's statement that only Wittman had the right to defend himself and for refusing to include charge on voluntary intoxication;  10) Applicant received ineffective assistance of counsel on appeal;  11) Applicant's conviction was obtained in violation of the Separation of Powers Doctrine.

Date of final decision: __August 15, 2001__

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court.

Grounds raised: _____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

    ☐ Yes   ☒ No

    (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

    _____N/A_____

    (b) Give the date and length of the sentence to be served in the future: _____

    _____N/A_____

    (c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

    N/A
    ☐ Yes   ☐ No

- 4 -

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.  Date and location of your parole revocation: _____

14.  Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐  Yes          ☐  No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes          ☐ No

16.  Are you eligible for mandatory supervised release?          ☐ Yes          ☐ No

17.  Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

    _____

    Disciplinary case number: _____

18.  Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time credits?          ☐ Yes          ☐ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

    _____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☐  Yes          ☐  No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: _____

    _____

    Date of Result: _____

    Step 2 Result: _____

    _____

Date of Result: _____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION**:
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A. **GROUND ONE:** <u>PETITIONER IS ACTUALLY INNOCENT OF CAPITAL MURDER</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): Petitioner has never owned a Stars jersey and his DNA was not recovered from the Stars jersey worn ~~by the robber, the person engaged in the struggle with Damon Wittman.~~ Petitioner's blood nor any hair samples were recovered from the jersey nor from the scene of the crime and Petitioner does not smoke. Wittman's hands were covered with plastic to preserve any evidence of any blood or body tissue belonging to the robber which could be extracted by the medical examiner. The state produced <u>no</u> <u>evidence</u> of any blood or body tissue belonging to Petitioner from under the fingernails of Wittman. The robber was said to have been kicked

(continued on page 7(a))...

B. **GROUND TWO:** <u>THERE WAS NO EVIDENCE TO PROVE PETITIONER INTENTIONALLY & KNOWINGLY CAUSED THE DEATH OF</u> ~~Wittman to sustain a conviction for capital murd~~er.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): Damon Wittman kicked the robber in the face and the robber fell back. Even if Petitioner was the ro~~bber (which he maintains he is not), the kick to the face repelled him~~ forcing him to move away from Wittman, Mackin, and Fields. Damon Wittman continued to pursue the robber by attacking him from behind (R,IV,13) and begin to strugg~~le with the robber for possession of the firearm. The two men never se~~parated. Shots went off, they struggled and continued to move towards the street and some more shots went off and Wittman fell to the grass by the street (Id.). The state did not allege that Petitioner committed capital murder as a

(continued on page 7(a)).

C. **GROUND THREE:** <u>PROSECUTOR'S STATEMENT RELIEVED THE STATE OF ITS BURDEN OF PROVING ITS CASE BEYOND A REASONABLE DOUBT.</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): In its summation the prosecutor stated, "The only person who had a right to defend himself was Damon Wittman" ~~(R,IV, 65:1-12). While this statement would have little effect~~ under normal circumstances, because this case presents everything except the normal. This case presents rare and exceptional circumstances that turn the prosec~~utor's statement into testimony deliberately intended to bolster the~~ state's ailing case where the state offered no evidence to prove the robber (presumably Petitioner) caused Damon Wittman's death, or even possessed the

(continued on page 7(a)/1)

-7-

CONTINUED ON NEXT PAGE

GROUND ONE CONTINUED:

in the face by Wittman but no blood or tissue samples were recovered from the shoes of Wittman belonging to Petitioner. Petitioner testified and denied being at the scene of the crime and as rebuttal the state had every right to present evidence to show that Petitioner was not being truthful. Evidence of blood or tissue samples from the Stars jersey (for example, at the neckline and the wrists) belonging to Petitioner would have conclusively proved that it was as a matter of fact Petitioner who struggled with Wittman for possessoin of the firearm that fired the shots which were found in Wittman's body. The state did not produce this evidence because it did not then, and does not now, exist, and it does not exist because Petitioner was not the person wearing the Stars jersey, Petitioner was not the person who was kicked in the face by Wittman, Petitioner was not the person who struggled with Wittman for possession of any firearm, because Petitioner was at La Fantacia at the time and date of the robbery and murder of Wittman. (See Exhibit A, 1-4 attached and adopted by reference).

GROUND TWO CONTINUED:

<u>party to the offense</u>, nor that Petitioner assisted Damon Wittman in taking his own life. Evidence was presented that the robber <u>did not intend</u> to kill Wittman because the robber was seen hitting [Wittman] in the head with the butt of the gun (R,IV,124). The robber was retreating and this evidence clearly proves that he intended only to escape from the struggle with Wittman, the struggle Wittman initiated, that Wittman was actively engaged in, a struggle between two men, one attempting to retreat and the other attempting to gain control of a firearm, that caused Wittman's death. The struggle presents the question of how much notice does a state have to give a criminal defendant of the elements required to obtain a valid conviction, that is, what will he be called on to defend against. Whatever name the state court attaches to Petitioner's <u>no evidence</u> claim in order to errect a procedural barrier to presenting this claim by way of habeas corpus, will not alter the fact that murder is a result oriented offense and Petitioner has to be shown to have caused, that is, fired the shots that caused Damon Wittman's death. In this highly unusual case at bar, the struggle Wittman initiated eliminates the state's ability to prove this crutial, critical, highly significant fact except by implication: that because there was intent to rob, there was also intent to kill merely because there was a death, and this accumulation of implied circumstances proves that

7(a)

GROUND TWO CONTINUED:

the robber intentionally and knowingly caused Wittman's death. (See Exhibit A, Grounds One & Two)

GROUND THREE OCNTINUED:

requisit intent to cause Wittman's ceath. But the prosecutor's statement is not isolated to a single remark. It is linked to the state's <u>voir dire</u> hypothetical that states, "If I walked up to you and pulled a gun on you and my intent is to rob you...and when I pulled the trigger in that situation, <u>just the act of shooting</u> showed intent to kill" (R,II, 51-2).

The state offered no evidence to show that the robber did in fact <u>pull the trigger</u>. There was overwhelming evidence that showed that the robber's life was threatened <u>by another citizen</u> who had equal access to the firearm over which both the robber and Wittman were struggling. Under these circumstances, if the robber was killed, in spite of the fact that Wittman was being robbed, Wittman could have been charged, at the very least, with criminally negligent homicide because 1) he is not a police officer acting in the line of duty, whose job it is to protect the public, and 2) he initiated the struggle that caused the robber's death. It matters little whether or not the state <u>would bring him to trial</u>. The fact issue here is that according to Texas law, Wittman could not be said to have been the only one who had a right to remain alive because he as well as the robber were potentially criminal defendants, both would have violated a Texas penal law, by killing the other. Consider another example. If Wittman and his party were inside a house,(say Wittman's house) and Petitioner entered with a weapon and Wittman kicked Petitioner in the head, engaged in a struggle over the weapon and it fired, If Wittman was killed Petitioner is absolutely guilty of capital murder. If it killed Petitioner Wittman has a defense of "defense of life and property." If, on the other hand, Wittman's kick caused Petitioner to retreat and Wittman pursued Petitioner and then engaged in a struggle over the weapon, and if Petitioner continued to retreat and the struggle proceeds from the premises and continues to and commenses in the street near the premises but beyond private property, both wittman and Petitioner have broken a Texas penal law, and Wittman, just as Petitioner is subject to prosecution. Therefore, the statement made by the prosecutor in summation mistated Texas law and together with the statement made during <u>voir dire</u> served as testimony presented solely to

GROUND THREE CONTINUED:

supplement the state's total want of evidence to prove specific intent to cause, and that Petitioer did cause, the death of the deceased, and to bolster the state's case where there was only "some evidence" to prove other elements of the state's case in chief (State's Response to Application for Writ of Habeas Corpus, III, 2), and no evidence to prove that Petitioner did in fact <u>cause the death of Damon Wittman</u>.

D.   **GROUND FOUR:** PETITIONER DID NOT RECEIVE A FULL AND FAIR HEARING ON HIS CONSTITUTIONAL CLAIMS IN STATE COURT.

Supporting FACTS (tell your story briefly without citing cases or law): In his post-conviction collateral attack on his conviction Petitioner brought to the attention of the state courts that: 1) he is actually innocent, 2) there was no evidence to show that he, and not Wittman himself, shot Wittman, or that Petitioner possessed the requisit intent to kill him, 3) there was no evidence that Petitioner intentionally or knowingly caused Wittman's death, 4) the state prosecutor bolstered the state's case, 5) the trial court erred by not including a charge on manslaughter, 6) the trial court erred by not including a charge on manslaughter but including a charge on aggravated robbery which subjected Petitioner to exxecive punishment, 7) the capital murder statue was unconstitut-

(continued on page 8(a))

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐ Yes     ☒ No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐ Yes     ☒ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

- 8 -

CONTINUED ON NEXT PAGE

ionally applied, 8) court's failure to charge on voluntary intoxication vio-
leted due process, 9) trial counsel was ineffective, 10) counsel on appeal was
ineffective, and 11) his conviction was obtained in violation of the separation
of powers dictrine (See Findings and Conclusions, II,2, State's Response, II,
1-2, and Writ No W97-51514-R(A) hereinafter adopted by refrence and attached
as Exhibit A). Without a hearing, the trial court accepted the state's argu-
ment that there was <u>some</u> evidence to support [a] conviction" because "the
state presented testimony from an eyewitness to the shooting who identified
Petitioner as the person who committed the offense" State's Response, II,32)
and therefore concluded that Petitioner "failed to present an actual innocence
claim" (Findings and Conclusions, 3(3),(4)) and failed to prove actual innocence.

    The state's witness admitted he was intoxicated, and Petitioner argues
that this is a matter of law (legal intoxication) and not of fact and so the jury
could not be said to have had the right to believe one story over another.
Moerover, it was midnight  when the shooting occurred and Wittmen's party had been
up since 10AM that morning drinking and visiting, and playing games (engaged
in physical exertion), not to mention that the eyewitness had just prior to
his identifying the robber had an exotic beer chased by a shot of alcohol.
That constitutes fourteen hours culminating with the ingesting of the majority
of the alcohol consumed the entire day...within two hours prior to the
struggle (actually, the last alcohol Mackin consumed was within minutes of the
shooting incident). Under these conditions Mackin was said to have identified
the robber <u>by his eyes</u> amoung a group of Hispanics (who all looked alike) who
had eyes that were remarkably similar. In particular members of the photo
lineup numbered 2, 4, & 6 (See Exhibit B). All the other four or five faces
could have passed for Petitioner's brother and numbers 2, and 4 his twin.
In addition, all the other witnesses failed to conclusively identify Petitioner
as the person who committed the offense. Again, this is a matter of law and not
fact just as whether it was Wittman of the robber who pulled the trigger and
whether the state provided <u>any evidenct at all</u> to prove this crucial fact.

    The habeas court then moved on to find that, according to 1974 case law
"that a sufficiency of evidence claim is not properly raised in a habeas
corpus application" however Petitioner's claim was based on 1996 and 1997 case
law which stands for the proposition that a <u>no evidence</u> claim is cognisable in
a post-conviction 11.07 writ of habeas corpus.

    The habeas court made general findings of fact on Petitioner's ineffective

assistance of counsel claims without addressing particular trial or appellate ineffectiveness, made general findings of fact on Petitioner's involuntary intoxication and prosecutor aggument without any conclusions of law and accepted an affidavit from Petitioner's trial and appellate counsel as proof of their respective effectiveness. Petitioner contends that the affidavits are cumlative and of no force or effect because they tend only to prove what is presumed, i.e., that trial and appellate counsel was effective until Petitioner proves they were not by clear and convincing evidence. Moreover the state that tried and convicted Petitioner comes in defensse of the appointed trial attorneys that were presumed to be adverse to their interests. If the state that tried Petitioner defends the attorneys that defended him how can Petitioner be certain that the state and trial counsels were not interested in the same outcome at trial.

The habeas court found that Petitioner's application was "totally without merit" (Findings & Conclusions, III,4) and recommended that it be denied with= out reaching Petitioner's remaining claims that:

> 5) trial court erred by not including requested instructions on manslaughter;
> 6) the trial court's failure to iñlcude lesser offenses of manslaughter in charge subjected Petitioner to excessive punishment;
> 7) the statue ased to convict was uncinstitutionally applied;
> 8) the trial court's failure to include the lesser offense of manslaughter in the charge was a de facto comment on the weight of the evidence; and
> 11) Petitioner's convic tion was obtained in violation of the separation of powers doctrine.

Petitioner did not receive a full and fair hearing in state court on these claims and received a judgment on his other claims that was inconsistent with due process. Under these circumstances a federal court may reach these claims without encroaching upon state's rights because the highest saate court has been given the opportunity to rule on these claims and have, by act or ommission, refused to do so. (see Exhibit A)

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

    ☐   Yes      ☒   No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____9-26-01_____ (month, date, year).

Executed on _____9-26-01_____ (date).

_____/s/ Martin Hamilton_____
Signature of Petitioner (required)

Petitioner's current address: JAMES V. ALLRED UNIT-TDCJ-ID
2101 FM 369 NORTH
IOWA PARK, TX 76367-6568

-9-